JONATHAN M. WERNER (CA Bar No. 220011)
jwerner@fbtlaw.com
KEVIN A. DAY (CA Bar No. 222560)
kday@fbtlaw.com
FROST BROWN TODD LLP
1 MacArthur Place, Suite 200
Santa Ana, CA  92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
ELEVANCE HEALTH, INC., AN INDIANA
CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOLINA HEALTHCARE, INC., A CALIFORNIA CORPORATION; AND VINOD MOHAN, AN INDIVIDUAL,, <br><br> Plaintiffs, <br><br> v. <br><br> ELEVANCE HEALTH, INC., AN INDIANA CORPORATION,, <br><br> Defendant. | **CASE NO.:** 2:23-cv-07417 <br><br> **JUDGE:** Hon. Andre Birotte, Jr. <br><br> **ANSWER TO COMPLAINT** <br><br><br> **ACTION FILED:**  9/23/2023 |

## DEFENDANT ELEVANCE HEALTH, INC.'S ANSWER

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Elevance Health, Inc., ("Elevance Health" or "Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiffs Molina Healthcare, Inc. ("Molina") and Vinod Mohan ("Mohan" and collectively "Plaintiffs").

If an allegation is not specifically admitted, it is hereby denied. Elevance Health

FROST BROWN TODD LLP
SANTA ANA

expressly denies and disclaims the characterizations in Plaintiffs' headings, subheadings, and numbered paragraphs and denies any allegations implicit in their terms.

Elevance Health expressly reserves the right to amend and supplement this Answer, including asserting any counterclaims or crossclaims, as may be appropriate or necessary, consistent with applicable rules and the Court's orders.

Elevance Health incorporates the foregoing by reference into each of the following responses to each allegation of the Complaint.

## **PRELIMINARY STATEMENT**

1.     In an attempt to circumvent controlling California law, Elevance improperly seeks to prevent its former Medicare executive for the Western Region, Ms. Mohan—a California resident who has lived and worked in California for the last 35 years—from now joining Molina, a California-based company.

**ANSWER:** Elevance Health denies the allegations in paragraph 1.

2.     Specifically to *avoid* any dispute with Elevance, Ms. Mohan and Molina were intentionally transparent and above-board after Ms. Mohan accepted a position with Molina to serve as its Senior Vice President, Medicare Segment. Among other efforts, to ensure a smooth transition, on July 17, 2023:

(i) Ms. Mohan gave notice of her resignation to Elevance, did not access or attempt to access any Elevance materials thereafter, and promptly returned all Elevance equipment and documents in her possession back to Elevance;

(ii) Molina and Ms. Mohan both informed Elevance that she accepted a position at Molina as Senior Vice President of Medicare and would start that position on August 30, 2023;

(iii)     In a letter from Molina to Elevance's Chief Legal and Human Resources Officer, Blair Todt, sent on Ms. Mohan's behalf and with her

Frost Brown Todd LLP
SANTA ANA

authorization, Ms. Mohan expressly exercised her rights under California Labor Code Section 925 and voided the Indiana forum selection and choice-of-law clauses foisted on her by Elevance in her employment contracts, and further advised that the restrictive covenants in the same agreements were in violation of both Section 925 and California Business & Professions Code Section 16600; and

(iv)     Molina specifically requested that all communications concerning Ms. Mohan be directed to the attention of Molina's counsel.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3.     For five weeks, Elevance provided no response or objection to Ms. Mohan's departure. Nor did anyone at Elevance, including its Chief Legal Officer (to whom the letter voiding the illegal Indiana forum selection and choice-of-law clauses was addressed), object to Ms. Mohan's request to void these Indiana clauses. Instead, Ms. Mohan's team and colleagues congratulated her on the new position with Molina and gave her their blessings. In the most vindictive fashion, Elevance waited for the most opportune moment to create public humiliation for Ms. Mohan and to produce maximum business interruption for Molina, her new employer. On August 22, 2023, five weeks after Ms. Mohan gave notice and days before she was scheduled to begin at Molina, Elevance preemptively filed a complaint and TRO in the Southern District of Indiana.

**ANSWER:** Elevance Health admits that it filed a complaint and related filings against Mohan in the U.S. District Court for the Southern District of Indiana on August 22, 2023, and served those pleadings on Mohan on August 23, 2023. Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, and therefore denies the same.

4.     Elevance scheduled the personal service of Ms. Mohan so that it took place during her son's wedding. Ms. Mohan and her family are South Asian and as is

Frost Brown Todd LLP
Santa Ana

customary with her culture, weddings are days-long celebrations to allow for various prayers and rituals. This week-long event was hosted by Ms. Mohan and her husband, the timing of which Elevance was well-aware, given that Ms. Mohan had scheduled for the time off from work many months before as she had anticipated she would still be at Elevance. Although the process server was asked to return after guests had left, he refused; Ms. Mohan was forced to accept Elevance's court papers in front of family and friends during what should have been a celebratory family event. Prior to serving Ms. Mohan, Elevance did *not* contact Molina's in-house counsel to determine if Molina would accept service (which it would have), even though that would have been the professionally courteous thing to do. Indeed, Elevance knew that Molina would have accepted service because in corresponding with Elevance's Chief Legal Officer, Molina made clear that all correspondences related to Ms. Mohan's employment should be directed to Molina, which strongly suggested that she was represented.

**ANSWER:** Elevance Health admits that it filed a complaint and related filings against Mohan in the Southern District of Indiana on August 22, 2023, and served those pleadings on Mohan on August 23, 2023. Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and therefore denies the same.

5.     Elevance's Indiana filings provide no justification for its conduct. Its Indiana case is based on the speculative (and wholly refuted) allegation that Ms. Mohan *attempted* to print a company document from her home printer in California on the day she gave notice—which is wholly false. Given the weakness of its actual misappropriation claim, Elevance also relies on an "inevitable disclosure" theory of trade secret misappropriation—a theory of liability that is banned under California law as an unreasonable restraint on trade. But notwithstanding the fact that Elevance's Indiana action is baseless, its ongoing attempt to enforce voided and unlawful contractual provisions prevents Ms. Mohan from starting her position at Molina, and prevents Molina from having Ms. Mohan employed as its Senior Vice President of

Medicare.

**ANSWER:** Elevance Health denies the allegations in paragraph 5.

6.      Elevance's conduct is hardly surprising. Undoubtedly, Elevance is vexed by the fact that approximately 20 of its executives have left Elevance and chosen to join Molina for better opportunities in the last few years.

**ANSWER:** Elevance Health denies the allegations in paragraph 6.

7.      Elevance's attempt to enforce unlawful contractual provisions against Ms. Mohan is not, however, a permissible way to deal with its employee attrition problem. Molina and Ms. Mohan therefore bring this action seeking a declaratory judgment and injunctive relief determining that several provisions of Ms. Mohan's employment agreements with Elevance—including Indiana choice-of-law and forum selection clauses—are illegal and unenforceable under California law, and that Ms. Mohan properly voided those provisions pursuant to statute. *See* Cal. Lab. Code § 925(a)-(b).

**ANSWER:** The allegations in paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 7.

## PARTIES

8.      Molina is a California corporation with its principal place of business located in Long Beach, California.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies the same.

9.      Ms. Mohan is an individual and a citizen of California. She has been a resident in California for over thirty-five years.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies the same.

10.     Elevance is an Indiana corporation with its principal place of business located in Indianapolis, Indiana.

**ANSWER:** Elevance Health admits the allegations in paragraph 10.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because the matter is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of California, while Defendant is a citizen of Indiana. The amount in controversy readily exceeds $75,000 given Plaintiffs' statutory entitlement to attorneys' fees in this action. *See* Cal. Lab. Code § 925(c); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

**ANSWER:** The allegations in paragraph 11 contain legal conclusions to which no response is required. To the extent an answer is required, Elevance Health denies the same.

12.     Venue is proper in the United States District Court for the Central District of California, because Molina is headquartered within this District, Ms. Mohan resides and works within this District and has done so at all times relevant to this action, and Elevance is registered with the Secretary of State of California as a foreign corporation authorized to do business in California and maintains offices within this District. Further, there is a substantial connection between the events giving rise to this dispute and the District.

**ANSWER:** The allegations in paragraph 12 contain legal conclusions to which no response is required. To the extent an answer is required, Elevance Health denies the same.

///

ANSWER TO COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Frost Brown Todd LLP
SANTA ANA

# FACTUAL ALLEGATIONS

*A.*     *The Parties*

**Molina**

13.     Molina is a California-based, Fortune 150 company that provides managed healthcare services throughout the United States. As of June 2023, Molina served approximately 5.3 million members, across 19 states.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies the same.

14.     Molina's managed healthcare services can be grouped into three primary business lines: (i) Medicaid; (ii) Medicare; and (iii) state insurance marketplaces ("Marketplace"). Molina does not offer commercial lines of business. Rather, the Medicaid, Medicare, and Marketplace pillars of Molina's business are all government-funded or sponsored programs under which Molina offers managed healthcare services.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15.     The Medicare segment is a particularly active growth sector for Molina, which serves several high acuity, low-income populations nationwide. Molina's Medicare line of business currently employs approximately 1,800 individuals throughout the company. The overarching responsibilities of the Medicare line of business are two-fold. *First*, the group is responsible for ensuring regulatory compliance and day-to-day operations in existing Medicare plans offered by Molina. That responsibility is particularly challenging given that the Medicare team must keep abreast of the rapid cadence of contract submission, evaluations, and renewals for existing plans. *Second*, the group supports and executes Molina's expansion of the Medicare segment's footprint. By way of example, Molina recently reached an

agreement in June 2023 to acquire a Medicare health plan in California for $510 million, with an expected close date of early 2024.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the same.

### Elevance

16.    Elevance, which changed its name from Anthem, Inc. on or about June 28, 2023, touts itself as one of the nation's leading healthcare benefit companies, serving approximately 40 million medical members in over 25 states through its affiliated health plans. On information and belief, Elevance has approximately 77,000 employees.

**ANSWER:** Elevance Health admits that it is one of the nation's leading healthcare benefit companies, serving approximately 40 million medical members through its affiliated health plans, that it serves customers in over 25 states through its subsidiaries, and that it has approximately 77,000 employees, with 5,477 employees located in Indiana. Elevance Health admits that it was formerly known as Anthem, Inc. To the extent there are additional allegations in paragraph 16, Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies same.

17.    In the last few years, approximately 20 executives have left Elevance and chosen to work for Molina instead; many of these executives were offered executive roles with greater responsibility and opportunity at Molina compared to their roles at Elevance.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies the same.

### Ms. Mohan

18.    Ms. Mohan is a seasoned senior healthcare executive who has resided and worked exclusively in California over the last 35 years. Ms. Mohan began her career in

Frost Brown Todd LLP
SANTA ANA

the late 1990s as a financial auditor, first at KPMG and then at Wellpoint, Inc., a health insurance company based in Thousand Oaks, California that later became Elevance. At Wellpoint, Ms. Mohan rose quickly through the company due to her exceptional talents, becoming Vice President of Finance – Medicare in 2006. She then became Chief Financial Officer and Vice President – Consumer Business in 2009. Between 2009 and 2012, Ms. Mohan led the financial strategy for Wellpoint's Consumer Business division covering individual, Medicare, and Medicaid programs servicing over five million medical members.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies the same.

19.     In the past 20 years, Ms. Mohan has gone on to successfully lead several healthcare plans and managed healthcare service providers' commercial business and Medicare programs in senior executive positions, including: as the Chief Financial Officer for Sutter Health Plus, a start-up health plan based in Sacramento, California; the Chief Financial Officer and Vice President of Medicare Advantage for UnitedHealth Group in Santa Ana, California; and the Chief Financial Officer and Chief Development Officer of Scan Health Plan, a non-profit Medicare Advantage Health Plan based in Long Beach, California.

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

***B.***     ***Ms. Mohan is Hired by Elevance to Work in California, And Was Required to Enter into Numerous Agreements That Are Void Under California Law***

20.     In or around September 2020, Elevance interviewed Ms. Mohan for the position of President, Medicare West Region. Ms. Mohan interviewed and negotiated for the position remotely from her home in Southern California, with the understanding

FROST BROWN TODD LLP
SANTA ANA

that she would conduct her employment responsibilities remotely from California.

**ANSWER:** Elevance Health admits that Mohan interviewed and negotiated for the position of President, Medicare West Region at Elevance Health. Elevance Health further admits that Mohan joined Elevance Health as its President, Medicare West Region on September 21, 2020. Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies the same.

21.   In late August 2020, Elevance offered Ms. Mohan the position of President, Medicare West Region. In that role, Ms. Mohan would lead Elevance's Medicare business for certain states in the Western United States—*e.g.*, Arizona, California, Colorado, New Mexico, Nevada, Texas, and Washington.

**ANSWER:** Elevance Health admits that Mohan joined Elevance Health as its President, Medicare West Region on September 21, 2020, and that in this role, Mohan was responsible for Elevance Health's Medicare business in the West Region (in addition to Florida as of May 2023). Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore denies the same.

22.   The terms of Elevance's offer were set out in a letter (the "**Offer Letter,**" a copy of which is attached as **Exhibit 1**). As detailed in the Offer Letter, Ms. Mohan was required to enter into numerous agreements as a condition of her employment with Elevance, including but not limited to an Employment Agreement, an Incentive Compensation Plan for stock grants, and an Executive Agreement Plan for additional compensation benefits.

**ANSWER:** Elevance Health states that paragraph 22 purports to reference terms within a written document, the terms of which speak for themselves. To the extent the allegations in paragraph 22 mischaracterize or misconstrue such document, Elevance Health denies all such allegations. Elevance Health further denies that Mohan was required to enter numerous agreements as a condition of her employment with Elevance

Health, and specifically denies that Mohan was required to enter into an Incentive Compensation Plan or an Executive Agreement Plan as a condition of her employment with Elevance Health.

23.    On or about September 24, 2020, Elevance emailed Ms. Mohan a written employment agreement for her to sign (the "**Employment Agreement**," a copy of which is attached as **Exhibit 2**). Ms. Mohan reviewed and executed the terms of the Employment Agreement from California, without the assistance of legal counsel, and executed the Employment Agreement in California on September 24, 2020.

**ANSWER:** Elevance Health admits that Mohan signed a written employment agreement with Elevance Health on September 24, 2020. Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and therefore denies the same.

24.    The Employment Agreement incorporates by reference multiple agreements to which Ms. Mohan was required to agree as a condition of her employment. These agreements incorporated by reference into the Employment Agreement include:

- Elevance's Executive Agreement Plan (a copy of which is attached as Exhibit 3);

- Elevance's Incentive Compensation Plan (a copy of which is attached as Exhibit 4);

- Nonqualified Stock Option Award Agreement, Performance Stock Unit Award Agreement, and Restricted Stock Unit Award Agreement - Grant Date 10/1/2020 ("2020 Equity Agreements", a copy of which is attached as Exhibit 5);

- Nonqualified Stock Option Award Agreement, Performance Stock Unit Award Agreement, and Restricted Stock Unit Award Agreement - Grant Date 3/1/2021 ("2021 Equity

FROST BROWN TODD LLP
SANTA ANA

Agreements", a copy of which is attached as Exhibit 6);

- Nonqualified Stock Option Award Agreement, Performance Stock Unit Award Agreement, and Restricted Stock Unit Award Agreement - Grant Date 3/1/2022 ("2022 Equity Agreements", a copy of which is attached as **Exhibit 7**); and

- Nonqualified Stock Option Award Agreement, Performance Stock Unit

- Award Agreement, and Restricted Stock Unit Award Agreement - Grant Date 3/1/2023 ("2023 Equity Agreements", a copy of which is attached as **Exhibit 8**) (2020, 2021, 2022, and 2023 Equity Agreements referred to collectively as "Equity Agreements").

*See* Employment Agreement, Ex. 2 at §§ 9(g), 20-21. The Employment Agreement, the agreements identified above, and any other agreement Elevance required Ms. Mohan to sign as a condition of her employment are referred to collectively as the "Agreements."

**ANSWER:** Elevance Health states that paragraph 24 purports to reference terms within written documents, the terms of which speak for themselves. To the extent the allegations in paragraph 24 mischaracterize or misconstrue such documents, Elevance Health denies all such allegations. Additionally, the allegations in paragraph 24 contain legal conclusions to which no response is required. To the extent an answer is required, Elevance Health denies all such allegations. Elevance Health further denies that Mohan was required to enter the agreements listed in paragraph 24 as a condition of her employment with Elevance Health and denies that such agreements were incorporated by reference into Mohan's employment agreement with Elevance Health.

///

25.     The Employment Agreement includes Indiana forum selection and choice-of-law provisions, which are illegal and unenforceable under California law, including under Labor Code Section 925(a)(1), which provides, in relevant part, that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would . . . [r]equire the employee to adjudicate outside of California a claim arising in California." The Agreements incorporated by reference into the Employment Agreement likewise contain substantially similar illegal and unenforceable Indiana forum selection and choice-of-law clauses.

**ANSWER:** Elevance Health states that paragraph 25 purports to reference terms within written documents, the terms of which speak for themselves. To the extent the allegations in paragraph 25 mischaracterize or misconstrue such documents, Elevance Health denies all such allegations. Additionally, the allegations in paragraph 25 contain legal conclusions to which no response is required. To the extent an answer is required, Elevance Health denies all such allegations. Elevance Health further specifically denies Plaintiffs' allegations that the forum selection clauses and choice-of-law provisions contained in the written agreements entered into between Mohan and Elevance Health are illegal and unenforceable.

26.     The forum selection provision at Section 17(f) of the Employment Agreement provides in relevant part:

. . . . To the extent that any party wishes to seek such relief from a court, the parties agree to the following with respect to the location of such actions. Such actions brought by the Executive shall be brought in a state or federal court located in Indianapolis, Indiana. Such actions brought by the Company shall be brought in a state or federal court located in Indianapolis, Indiana; the Executive's state of residency; or any other forum in which the Executive is subject to personal jurisdiction. The

Frost Brown Todd LLP
SANTA ANA

Executive specifically consents to personal jurisdiction in the State of Indiana for such purposes.

**ANSWER:** Elevance Health states that paragraph 26 purports to reference terms within written documents, the terms of which speak for themselves. To the extent the allegations in paragraph 26 mischaracterize or misconstrue such documents, Elevance Health denies all such allegations.

27.     The choice-of-law provision at Section 18 of the Employment Agreement provides:

> This Agreement forms part of an employee benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), and shall be governed by and construed in accordance with ERISA and, to the extent applicable and not preempted by ERISA, the law of the State of Indiana applicable to contracts made and to be performed entirely within that State, without regard to its conflicts of law principles.

**ANSWER:** Paragraph 27 purports to reference terms within written documents, the terms of which speak for themselves. To the extent the allegations in paragraph 27 mischaracterize or misconstrue such documents, Elevance Health denies all such allegations.

28.     The Employment Agreement also includes post-employment restrictive covenants, which are void and unenforceable under both California Labor Code Section 925(a)(2), which provides, in relevant part, that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would . . . [d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California" and California Business & Professions Code Section 16600, which provides, in relevant part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The Agreements

incorporated by reference into the Employment Agreement likewise contain substantially similar, illegal and unenforceable post-employment restrictive covenants.

**ANSWER:** The allegations in paragraph 28 contain statements of law and legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 28. Elevance Health further specifically denies Plaintiffs' allegations that the restrictive covenants contained in the written agreements entered into between Mohan and Elevance Health are illegal and unenforceable.

29.    Specifically, the Employment Agreement contains a "Non-Competition" provision at Section 9(c):

> During the Employment Period, and any period in which Executive is employed by the Company during or after the Employment Period, and during the period of time after Executive's termination of employment as set forth in Schedule A, Executive will not, without prior written consent of the Company, directly or indirectly seek or obtain a Competitive Position in a Restricted Territory and perform a Restricted Activity with a Competitor, as those terms are defined herein.

**ANSWER:** Paragraph 29 purports to reference terms within a written document, the terms of which speak for themselves. To the extent the allegations in paragraph 29 mischaracterize or misconstrue the referenced document, Elevance Health denies all such allegations.

30.    The Employment Agreement also contains a "Non-Solicitation of Customers" provision at Section 9(d), prohibiting the solicitation of prospective or existing Elevance clients for a period of 12 months after the employee's termination of employment from Elevance.

**ANSWER:** Paragraph 30 purports to reference terms within a written document, the terms of which speak for themselves. To the extent the allegations in paragraph 30

Frost Brown Todd LLP
SANTA ANA

mischaracterize or misconstrue the referenced document, Elevance Health denies all such allegations.

31.     Further, Ms. Mohan was not represented by legal counsel when she entered into the Agreements and did not have legal counsel negotiate the terms of the Agreements. Rather, they were presented to Ms. Mohan on a take-it-or-leave-it basis. Accordingly, the Indiana forum selection and choice-of-law provisions in the Agreements are voidable at Ms. Mohan's election under California Labor Code Section 925(b).

**ANSWER:** Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Mohan was not represented by counsel when she negotiated the terms of, and entered into, written agreements with Elevance Health, and therefore denies the same. The remaining allegations in paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 31.

32.     Ms. Mohan may void these forum selection, choice-of-law, non-competition, and customer non-solicitation provisions because they violate California Labor Code Section 925(a)(1)-(2), and as further provided under California Labor Code Section 925(b), "[a]ny provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute."

**ANSWER:** The allegations in paragraph 32 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 32.

33.     Indeed, Elevance has acknowledged in some of the Agreements that: If California law is deemed to apply, then the following applies to Participant: (a) the noncompetition restriction in Section 7(b) shall not apply; (b) the Employee non-solicitation restrictions shall not apply; and Section 7(c) [imposing customer non-solicitation restrictions] shall be limited to situations where Participant is aided in his

or her conduct by the use or disclosure of the Company's trade secrets (as defined by applicable law). Ex. 8, at pages 12, 29 & 45.

**ANSWER:** Paragraph 33 purports to reference terms within written documents, the terms of which speak for themselves. To the extent the allegations in paragraph 33 mischaracterize or misconstrue such documents, Elevance Health denies all such allegations.

34.     Through the voiding letter sent to Elevance's Chief Legal Officer, and by filing this Complaint, pursuant to Section 925(b) of the California Labor Code, Ms. Mohan has exercised her right to void these forum selection, choice-of-law, non-competition, and non-solicitation provisions contained in the Agreements. Any employment-related disputes between Ms. Mohan and Elevance arising in California must therefore be adjudicated in California under California law. Further, according to the carve-out provisions in the Equity Agreements discuss above, Elevance now concedes that the non-competition provision shall not apply, and the customer non-solicitation provision shall apply only if Ms. Mohan is aided in her conduct by the use or disclosures of Elevance's trade secrets, as defined under California law.

**ANSWER**: The allegations in paragraph 34 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 34.

35.     The Employment Agreement also includes an attorneys' fees provision in Section 19 which states: "In the event of any contest arising under or in connection with this Agreement, the arbitrator or court, as applicable, shall award the prevailing party reasonable attorneys' fees and costs to the extent permitted by applicable law."

**ANSWER**: Paragraph 35 purports to reference terms within a written document, the terms of which speak for themselves. To the extent the allegations in paragraph 35 mischaracterize or misconstrue the referenced document, Elevance Health denies all such allegations.

///

Frost Brown Todd LLP
SANTA ANA

*C.*      ***In July 2023, Ms. Mohan Accepted an Offer of Employment from Molina***

36.      In July 2023, Ms. Mohan accepted an offer of employment from Molina to become its Senior Vice President of Medicare, wherein she would be responsible for Molina's Medicare business nationwide—a significant increase in responsibilities compared to her position at Elevance (which was limited to western region of the United States). Molina is headquartered in Long Beach, California, not far from Ms. Mohan's home.

**ANSWER**: Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies the same.

37.      It was of utmost importance to Ms. Mohan and Molina that her departure from Elevance be absolutely professional and above-board, and that Ms. Mohan comply with all of her legal and ethical obligations in her transition. To that end, Ms. Mohan worked closely with Molina's Senior Vice President and Deputy General Counsel to make sure she had proper guidance as to those obligations.

**ANSWER**: Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies the same.

38.      Thus, on the morning of July 17, 2023, while at her home in California, Ms. Mohan gave telephonic notice to her supervisor at Elevance that she was resigning. Ms. Mohan told her supervisor at that time that she had accepted a position with Molina. Ms. Mohan's supervisor instructed her to send out an official letter of resignation, put an out-of-office notification on her Elevance email, and cease further use of her computer—instructions which Ms. Mohan followed exactly. She promptly shut down her computer and did not turn it back on.

**ANSWER**: Elevance Health admits that on July 17, 2023 Mohan advised her supervisor that she was leaving Elevance Health and had accepted a position with

Molina. Elevance Health further admits that Mohan's supervisor instructed Mohan to create an out-of-office message directing all inquiries to her assistant, to send a formal resignation, and then to step away from the keyboard. Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies the same.

39.     Also on July 17, 2023, at Ms. Mohan's direction, Molina sent a letter to Elevance's Chief Legal and Human Resources Officer, Blair Todt, to confirm, *inter alia*, that (a) Ms. Mohan had accepted a position as Senior Vice President of Medicare at Molina; (b) Ms. Mohan's start date at Molina would be August 30, 2023; and (c) Ms. Mohan was "exercising her rights . . . to void certain provisions of her Employment Agreement [and] hereby immediately voids Sections 17(f) and 18 of the Agreement" (the forum selection and choice-of-law provisions) pursuant to California Labor Code section 925. (the "**Voiding Letter**," a copy of which is attached as **Exhibit 9**). Ms. Mohan's letter served as a matter of law to void the Employment Agreement and all Agreements incorporated by reference. Molina further requested that "any correspondence concerning the information contained in this letter" be directed to the attention of Molina's counsel. *Id*.

**ANSWER**: Paragraph 39 purports to reference the contents of a written communication which speaks for itself. To the extent the allegations in paragraph 39 mischaracterize or misconstrue the referenced writing, Elevance Health denies all such allegations. Additionally, the allegations in paragraph 39 are legal conclusions to which no response is required and, to the extent a response is required, Elevance Health denies all such allegations.

40.     At no time on July 17, 2023 or thereafter did Ms. Mohan review any Elevance documents or confidential information. After she submitted her resignation and turned off her computer that day, Ms. Mohan did not use her Elevance-issued computer, printer, phone or any other device to access or attempt to access any Elevance document or information.

Frost Brown Todd LLP
SANTA ANA

1   **ANSWER**: Elevance Health lacks knowledge or information sufficient to form

2   a belief as to the truth of the allegations in paragraph 40, and therefore denies the same.

3   41.     On July 21, 2023, Ms. Mohan received an email from Elevance, providing

4   her with instructions for returning her work-issued devices by mail.

5   **Exhibit 10.** Ms. Mohan followed these instructions and mailed all of her Elevance-

6   issued devices—an iPad, laptop, printer, and phone—back to Elevance on July 22,

7   2023. She took pictures of these items for her records, which are attached as **Exhibit**

8   **11.**

9   **ANSWER**: Paragraph 41 purports to reference the contents of a written

10  communication which speaks for itself. To the extent the allegations in paragraph 39

11  mischaracterize or misconstrue the referenced writing, Elevance Health denies all such

12  allegations. Elevance Health lacks knowledge or information sufficient to form a belief

13  as to the truth of the remaining allegations in paragraph 41, and therefore denies the

14  same.

15  42.     Ms. Mohan had a practice of shredding Elevance confidential documents

16  she printed during the course of her work, but she still had a handful of documents she

17  had not yet shredded at the time she accepted the Molina offer. Although Elevance did

18  not ask her to do so, Ms. Mohan gathered all of her remaining hardcopy Elevance

19  documents in her possession, sequestered them in a box without reviewing or

20  memorializing them, and sealed the box until she received subsequent instructions on

21  where to return Elevance's devices. At Ms. Mohan's direction, Molina sent another letter

22  to Mr. Todt at Elevance on August 4, 2023, advising Elevance of the box of documents

23  and requesting direction from Elevance as to what to do with the documents inside.

24  ("August 4 Letter," a copy of which is attached as **Exhibit 12**). Elevance advised Molina

25  that Ms. Mohan should mail the box to Elevance, and she did so promptly.

26  **ANSWER**: Elevance Health admits that, at Elevance Health's direction, Molina

27  coordinated the shipment of a box containing several highly confidential documents

28  related to Elevance Health's Medicare business that Mohan had retained post-

Frost Brown Todd LLP
SANTA ANA

20

employment to Elevance Health's headquarters in Indianapolis, Indiana. Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42, and therefore denies the same.

43.      At no time did Elevance provide a response or an objection to the July 17 Voiding Letter, in which Elevance was advised of Ms. Mohan's exercise of her rights to void the forum selection and choice-of-law provisions of the Employment Agreement.

**ANSWER**: Elevance Health denies the allegations in paragraph 43.

### D.  *Elevance Retaliates by Suing Ms. Mohan in an Improper Forum in a State with No Jurisdiction Over Her*

44.      For five weeks after Ms. Mohan's resignation, Elevance raised no objections to or concerns with Ms. Mohan's departure to either Ms. Mohan or Molina (who had expressly asked to be the point of contact regarding matters pertaining to Ms. Mohan).

**ANSWER**: Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies the same.

### D.  *Elevance Retaliates by Suing Ms. Mohan in an Improper Forum in a State*

45.      Meanwhile, Molina's then-Senior Vice President of Medicare retired effective August 1, 2023. Molina, having no indication from Elevance that there was any impediment to Ms. Mohan's scheduled August 30 start date, supported the senior executive's August 1 retirement date and did not seek to extend that date based on its expectation that Ms. Mohan would soon be stepping into that position.

**ANSWER**: Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies the same.

46.      Likewise, Ms. Mohan fully expected to start at Molina on August 30, 2023. Before her scheduled start date at Molina, Ms. Mohan devoted most of her time to

**ANSWER TO COMPLAINT**

Frost Brown Todd LLP
SANTA ANA

preparations for her son's wedding—a seven-day celebration from August 20-27 that included several events hosted at her family's home in California. Ms. Mohan's colleagues at Elevance knew the scheduled dates of the wedding, as Ms. Mohan had scheduled time off from Elevance months in advance.

**ANSWER**: Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies the same.

47.    Then on August 23, 2023—five weeks after she gave notice to Elevance, and in the middle of a wedding event that Ms. Mohan was hosting at her home—Elevance personally served Ms. Mohan with a summons, complaint, temporary restraining order ("TRO"), and discovery demands in front of her family and friends. Elevance did not contact Molina to inquire whether it would accept service of the complaint on Ms. Mohan's behalf, which Molina would have agreed to do as a professional courtesy and to shield Ms. Mohan from having to be personally served.

**ANSWER**: Elevance Health admits that it filed a complaint and related filings against Mohan in the U.S. District Court for the Southern District of Indiana on August 22, 2023, and served those pleadings on Mohan on August 23, 2023. Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47, and therefore denies the same.

48.    Elevance's action against Ms. Mohan is captioned *Elevance Health, Inc. v. Vinod Mohan*, Case No. 1:23-cv-1497, filed in the U.S. District Court for the Southern District of Indiana ("Indiana Action").

**ANSWER**: Elevance Health admits the allegations in paragraph 48.

49.    The complaint in the Indiana Action is premised on one alleged act which, even if true, occurred in California: Elevance claims that Ms. Mohan "attempted to print" a confidential PowerPoint from her work-at-home printer on the day she gave notice, and *if* the printing was successful (which Elevance concedes it does not know), Ms. Mohan *could* use its information to give Molina a competitive advantage. Elevance also alleges a theory of "inevitable disclosure" based on generalized allegations that

Frost Brown Todd LLP
SANTA ANA

Ms. Mohan learned confidential information from her time with Elevance (while working in California), and will inevitably disclose that information to Molina (a California company). California does not recognize this theory.

**ANSWER**: Paragraph 49 purports to reference Elevance Health's complaint in the Indiana Action. That complaint is a written document which speaks for itself. To the extent the allegations in paragraph 49 mischaracterize or misconstrue the complaint, Elevance Health denies all such allegations. Additionally, the allegations in paragraph 49 contain legal conclusions to which no response is required. To the extent an answer is required, Elevance Health denies all such allegations.

50.    Based on these threadbare allegations, Elevance alleges claims for (i) Breach of Contract, (ii) Violation of the Indiana Uniform Trade Secrets Act, Ind. Code § 24-2-3-1 *et seq.*, (iii) Violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1832 *et seq.*, (iv) Breach of Fiduciary Duty, (v) Conversion, (vi) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and (vii) Violation of Indiana's Computer Trespass Statute, Ind. Code § 34-43-2-3.

**ANSWER**: Paragraph 50 purports to reference Elevance Health's complaint in the Indiana Action. That complaint is a written document which speaks for itself. To the extent the allegations in paragraph 50 mischaracterize or misconstrue the complaint, Elevance Health denies all such allegations.

51.    On August 25, 2023, following a scheduling conference in the Indiana Action regarding Elevance's TRO, the court issued a scheduling order specifying that Ms. Mohan would file a motion to dismiss/motion to transfer venue on or before August 30, 2023; Elevance would file its response on or before September 6, 2023; and Elevance's TRO and motion for expedited discovery would be held in abeyance.

**ANSWER**: Elevance Health admits that the court in the Indiana Action issued an order on August 25, 2023 regarding the telephonic pretrial conference which took place that day and that paragraph 51 purports to reference that order. The August 25, 2023 order is a written document which speaks for itself. To the extent the allegations

in paragraph 51 mischaracterize or misconstrue the August 25, 2023 order, Elevance Health denies all such allegations.

52.　　Ms. Mohan and Elevance thereafter attempted to negotiate an agreement to establish a date certain by which Ms. Mohan may begin employment at Molina in the event the court does not rule promptly on her pending Motion to Dismiss. Elevance advised it will not agree to any date certain before the Motion to Dismiss is adjudicated, and thus Ms. Mohan faces an indefinite inability to start work at Molina.

**ANSWER**: Elevance Health admits that Mohan, through counsel, initially agreed not to go to work for Molina pending resolution of her Motion to Dismiss in the Indiana action, which agreement was memorialized by the court's August 25, 2023 order and was relied upon by Elevance Health to its detriment. Elevance Health further admits that Mohan's counsel later sought agreement from Elevance Health to a date certain for Mohan to start working for Molina pending resolution of her Motion to Dismiss, and that Elevance Health declined. Additionally, upon information and belief, Mohan began working for Molina in September 2023. Elevance Health denies all remaining allegations in paragraph 52.

53.　　Given the foregoing, Ms. Mohan and Molina require Court action to declare the rights of the parties and prevent Elevance from enforcing the illegal and enforceable provisions contained in the Agreements.

**ANSWER**: Elevance Health denies the allegations in paragraph 53.

54.　　Ms. Mohan will suffer irreparable harm for which there is no adequate remedy if Elevance remains free to seek to enforce these provisions in disregard of governing California law. Ms. Mohan is the sole income earner in her family, and the present threat to her livelihood jeopardizes her ability to support her family.

**ANSWER**: The allegations in paragraph 54 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies any present threat to Mohan's livelihood because, upon information and belief, Mohan began working for Molina in September 2023. Further, Elevance Health lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and therefore denies the same.

55.     Moreover, Ms. Mohan risks imminent and irreversible harm to her career and professional reputation. Ms. Mohan has risen to the highest executive positions in healthcare companies precisely because of her unblemished integrity and professional excellence—that reputation is now being called into question by Elevance's accusations, which is particularly unjust considering that Elevance is the party flouting the law. Indeed, Elevance's unsupported allegations were reported in a trade publication, the Health Payer Specialist. Ms. Mohan respectfully requests that the Court enjoin Elevance from taking any action to enforce the illegal and unenforceable provisions of the Agreements, as described herein, so that Ms. Mohan can start working at Molina as Senior Vice President of Medicare.

**ANSWER**: The allegations in paragraph 55 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies the same. Upon information and belief, Mohan began working for Molina in September 2023.

56.     As Ms. Mohan's current employer, Molina is a person of interest under California Code of Civil Procedure § 1060 and has interests under relevant sections of the Agreements between Elevance and Ms. Mohan. Molina requires court action to declare the rights of the parties and prevent Elevance from enforcing the illegal and unenforceable provisions in the Agreements.

**ANSWER**: The allegations in paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 56. Upon information and belief, Mohan began working for Molina in September 2023.

57.     Molina will also suffer irreparable harm for which there is no adequate remedy if Elevance is permitted to enforce unlawful and voided provisions in the

**ANSWER TO COMPLAINT**

FROST BROWN TODD LLP
SANTA ANA

Agreements and effectively bar Ms. Mohan from working at Molina indefinitely. Molina hired Ms. Mohan to run one of its most significant business lines (Medicare). Molina's Medicare line of business currently employs approximately 1,800 individuals throughout the company. The group's key responsibilities are to (i) ensure the regulatory compliance and day-to-day operations in existing Medicare plans offered by Molina; and (ii) execute on Molina's expansion of the Medicare segment's footprint. There is currently no one executive in the role of Senior Vice President of Medicare position. Thus, there is no executive who is currently 100% responsible for the oversight, management, growth and development of Molina's Medicare business line.

**ANSWER**: The allegations in paragraph 57 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies the same. Upon information and belief, Mohan began working for Molina in September 2023.

58.     The need for Ms. Mohan to join immediately is particularly critical, as Medicare's open enrollment begins in October and there are numerous imminent deadlines and deliverables for the Medicare business line that must be met to ensure a successful start in 2024.

**ANSWER**: Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore denies the same. Upon information and belief, Mohan began working for Molina in September 2023.

59.     Each day where Ms. Mohan cannot step in and apply her deep Medicare expertise and leadership over this key pillar for the company undermines the Medicare growth strategy established by Molina and threatens its ability to continue delivering quality service to existing Medicare members.

**ANSWER**: Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies the same. Upon information and belief, Mohan began working for Molina in September 2023.

FROST BROWN TODD LLP
SANTA ANA

## FIRST CAUSE OF ACTION

## Declaratory Judgment – Cal. Code Civ. Proc. § 925(a)

60.     Plaintiffs repeat and reallege the allegations contained in each and every preceding paragraph of this Complaint as if set forth herein in full.

**ANSWER**: No response is required to paragraph 60.

61.     Section 1060 of the California Code of Civil Procedure permits "[a]ny person interested . . . under a contract . . . in cases of actual controversy relating to the legal rights and duties of the respective parties, [to] bring an original action or cross-complaint . . . for a declaration of his or her rights and duties . . . ."

**ANSWER**: The allegations in paragraph 61 contain statements of law and legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 61.

62.     As a condition of her employment with Elevance, Ms. Mohan was required to agree to the Agreements, which contain Indiana forum selection and choice-of-law provisions—*e.g.*, the Sections 17(f) and 18 of the Employment Agreement.

**ANSWER:** Elevance Health states that paragraph 62 purports to reference terms within written documents, the terms of which speak for themselves. To the extent the allegations in paragraph 62 mischaracterize or misconstrue such documents, Elevance Health denies all such allegations. Additionally, the allegations in paragraph 62 contain legal conclusions to which no response is required. To the extent an answer is required, Elevance Health denies all such allegations. Elevance Health further denies that Mohan was required to enter the agreements listed in paragraph 24 as a condition of her employment with Elevance Health.

63.     Ms. Mohan entered into the Agreements on or about September 24, 2020, without the assistance of counsel.

**ANSWER**: Elevance Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies the

1  same.

2       64.    The forum selection and choice-of-law provisions in the Agreements require

3  Ms. Mohan to adjudicate any claims arising out of or relating to the agreements in a state

4  or federal court located in Indiana and applying Indiana law, despite the fact that Ms.

5  Mohan lived and worked in California during her entire tenure with Elevance.

6       **ANSWER**: Paragraph 64 purports to reference terms within written documents,

7  the terms of which speak for themselves. To the extent the allegations in paragraph 64

8  mischaracterize or misconstrue such documents, Elevance Health denies all such

9  allegations.

10      65.    The non-competition and non-solicitation provisions in the Agreements

11 restrict Ms. Mohan's ability to work in her chosen profession and prohibit the

12 solicitation of certain clients, both in violation of the substantive protections of

13 California law.

14      **ANSWER**: Paragraph 65 purports to reference terms within written documents,

15 the terms of which speak for themselves. To the extent the allegations in paragraph 65

16 mischaracterize or misconstrue such documents, Elevance Health denies all such

17 allegations. Additionally, the remaining allegations in paragraph 65 are legal

18 conclusions to which no response is required and, to the extent a response is required,

19 Elevance Health denies all such allegations.

20      66.    Section 925(a) of the California Labor Code provides, "An employer shall

21 not require an employee who primarily resides and works in California, as a condition

22 of employment, to agree to a provision that would do either of the following: (1) Require

23 the employee to adjudicate outside of California a claim arising in California. [or] (2)

24 Deprive the employee of the substantive protection of California law with respect to a

25 controversy arising in California."

26      **ANSWER:** The allegations in paragraph 66 contain statements of law and legal

27 conclusions to which no response is required. To the extent a response is required,

28 Elevance Health denies the allegations in paragraph 66.

Frost Brown Todd LLP
Santa Ana

67.     Section 925(b) of the California Labor Code provides, "Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute."

**ANSWER**: The allegations in paragraph 67 contain statements of law and legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 67.

68.     Through the Voiding Letter, which Molina sent to Elevance on behalf of Ms. Mohan, and by filing this Complaint, Ms. Mohan has exercised her right to void the Indiana forum selection, Indiana choice-of-law, non-competition, and non-solicitation provisions contained in the Agreements.

**ANSWER**: The allegations in paragraph 68 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 68.

69.     Elevance has ignored Ms. Mohan's voiding of these provisions in the Agreements and has filed suit against Ms. Mohan in federal court in Indianapolis, Indiana.

**ANSWER**: Elevance Health admits that it filed a lawsuit against Mohan in federal court in Indianapolis, Indiana, and denies all remaining allegations in paragraph 69.

70.     An actual controversy exists involving justiciable questions relating to the rights and obligations of the Parties—*i.e.*, whether these provisions in the Agreements violate Section 925 of the California Labor Code, and whether Ms. Mohan validly and effectively voided these provisions under California Labor Code Section 925(b).

**ANSWER**: The allegations in paragraph 70 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 70.

71.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights, duties, and future obligations under the Agreements.

**ANSWER**: The allegations in paragraph 71 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 71.

## SECOND CAUSE OF ACTION

### Declaratory Judgment – Cal. Bus. & Prof. Code § 16600

72.    Plaintiffs repeat and reallege the allegations contained in each and every preceding paragraph of this Complaint as if set forth herein in full.

**ANSWER**: No response is required to paragraph 72.

73.    Section 1060 of the California Code of Civil Procedure permits "[a]ny person interested . . . under a contract . . . in cases of actual controversy relating to the legal rights and duties of the respective parties, [to] bring an original action or cross-complaint . . . for a declaration of his or her rights and duties . . . ."

**ANSWER**: The allegations in paragraph 73 contain statements of law and legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 73.

74.    Given that Elevance is currently pursuing claims against Ms. Mohan in Indiana and attempting to prevent Ms. Mohan from beginning her employment with Molina based on false accusations of trade secret misappropriation, an actual controversy exists involving justiciable questions relating to the rights and obligations of the Parties—*i.e.*, whether the post-employment "Non-Competition" and "Non-Solicitation of Customers" provisions in the Agreements are enforceable.

**ANSWER**: Elevance Health admits that it is currently pursuing claims against Mohan in Indiana and denies the remaining allegations in paragraph 74.

75.    Plaintiffs seek a judicial determination of their rights and obligations under the Agreements, which are necessary and appropriate subjects of declaratory relief

FROST BROWN TODD LLP
SANTA ANA

under California law, so that Plaintiffs have clarity regarding her employment at Molina in light of the illegal post-employment restrictions contained in certain of the Agreements.

**ANSWER**: The allegations in paragraph 75 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 75.

76.    Specifically, Plaintiffs request that the Court declare the following: "The post-employment non-competition and customer non-solicitation provisions in the Agreements are void and unenforceable under Section 16600 of the California Business and Professions Code." *See* Employment Agreement, § 9(c)-(f).

**ANSWER**: The allegations in paragraph 76 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 76.

77.    Without the requested declaration, Plaintiffs will remain in a position of uncertainty as to Ms. Mohan's employment with Molina, including whether she can perform the duties and responsibilities required of her without being subject to the illegal restrictions contained in the Agreements.

**ANSWER**: The allegations in paragraph 77 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 77.

78.    A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights, duties, and future obligations under the Agreements.

**ANSWER**: The allegations in paragraph 78 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 78.

///

## **THIRD CAUSE OF ACTION**

## **Violation of Cal. Lab. Code § 925 – Injunctive Relief and Attorneys' Fees**

79.     Plaintiffs repeat and reallege the allegations contained in each and every preceding paragraph of this Complaint as if set forth herein in full.

**ANSWER**: No response is required to paragraph 79.

80.     The Agreements purport to require Ms. Mohan to consent to jurisdiction in state or federal court located in Indianapolis, Indiana and to the application of Indiana law—*e.g.*, Sections 17(f) and 18 of the Employment Agreement.

**ANSWER:** Elevance Health states that paragraph 80 purports to reference terms within written documents, the terms of which speak for themselves. To the extent the allegations in paragraph 80 mischaracterize or misconstrue such documents, Elevance Health denies all such allegations.

81.     The Agreements also purport to restrict Ms. Mohan's ability to work in her chosen profession through the non-competition provision and prohibit the solicitation of certain clients through the non-solicitation provision, both in violation of the substantive protection of California law.

**ANSWER:** Elevance Health states that paragraph 81 purports to reference terms within written documents, the terms of which speak for themselves. To the extent the allegations in paragraph 81 mischaracterize or misconstrue such documents, Elevance Health denies all such allegations. Additionally, the allegations in paragraph 81 contain legal conclusions to which no response is required. To the extent an answer is required, Elevance Health denies all such allegations.

82.     Elevance has sued Ms. Mohan in federal court in Indianapolis, Indiana in an effort to enforce the illegal provisions of the Agreements and deprive Ms. Mohan of the substantive protections of California law. In so doing, Elevance has ignored the fact that the forum selection, choice-of-law, non-competition, and non-solicitation provisions are voidable under California law and that Ms. Mohan properly voided the

**ANSWER TO COMPLAINT**

provisions well before Elevance filed suit. Pursuant to California Labor Code § 925, Plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting Elevance from taking any actions to enforce the illegal and unenforceable provisions in the Agreements. As shown above, Plaintiffs are likely to prevail on the merits of their claims given that these provisions are void or voidable under well-settled California law and public policy.

**ANSWER**: The allegations in paragraph 82 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 82.

83.    If Elevance is not preliminarily and permanently enjoined from taking further action to enforce the unlawful provisions of the Agreements, Ms. Mohan is likely to sustain irreparable harm, including to her reputation and her ability to earn a living in her chose profession.

**ANSWER**: The allegations in paragraph 83 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 83.

84.    If Elevance is not preliminarily and permanently enjoined from taking further action to enforce the unlawful provisions of the Agreements, Molina is likely to sustain irreparable harm, including to its Medicare business, which is crucial to Molina and which it hired Ms. Mohan to lead.

**ANSWER**: The allegations in paragraph 84 contain legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 84.

85.    Plaintiffs are further entitled to any other remedies available, including, but not limited to, their reasonable attorneys' fees and the costs of this action. *See* Cal. Lab. Code § 925(c) ("In addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees.").

Frost Brown Todd LLP
SANTA ANA

**ANSWER**: The allegations in paragraph 85 contain statements of law and legal conclusions to which no response is required. To the extent a response is required, Elevance Health denies the allegations in paragraph 85.

## ELEVANCE HEALTH'S AFFIRMATIVE DEFENSES

Without admitting any of Plaintiffs' allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiffs' Complaint, Elevance Health alleges the following separate Affirmative and Other Defenses based on information and belief. Elevance Health reserves the right to amend its Answer to add additional Affirmative and Other Defenses consistent with the facts discovered in the case.

## FIRST DEFENSE
## FAILURE TO STATE A CLAIM

Plaintiffs fail to state a claim against Elevance Health upon which relief can be granted.

## SECOND DEFENSE
## BARRED BY TERMS OF PLAN OR AGREEMENT

Plaintiffs' claims are barred, in whole or in part, by the express terms and conditions of the written agreements between Elevance Health and Mohan, or by Mohan's failure to comply with those terms and/or conditions.

## THIRD DEFENSE
## PLAINTIFFS' RESPONSIBILITY

Plaintiffs' claims are barred, in whole or in part because, to the extent Plaintiffs suffered any compensable damages, Plaintiffs' own actions and/or omissions and/or failure to mitigate caused, contributed, or resulted in the damages of which Plaintiffs complain. Recovery against Elevance Health, if any, must be reduced or precluded entirely by Plaintiffs' own actions.

///

FROST BROWN TODD LLP
SANTA ANA

## FOURTH DEFENSE
### PLAINTIFFS' CAUSES OF ACTION ARE MOOT

Plaintiffs' claims, including its requests for injunctive and equitable relief, are barred by mootness because Mohan has been working for Molina since September 2023 and because the claims were previously ruled upon in the Indiana Action.

## FIFTH DEFENSE
### COLLATERAL ESTOPPEL

Plaintiffs' claims, including its requests for injunctive and equitable relief, are barred by collateral estoppel because the issues were previously ruled upon in the Indiana action.

## SIXTH DEFENSE
### GOOD FAITH

Plaintiffs' claims are barred because Elevance Health's alleged conduct was at all times justified and undertaken in the good faith exercise of a valid and legitimate business purpose.

## SEVENTH DEFENSE
### FULL PERFORMANCE

Plaintiffs' claims are barred because Elevance Health duly performed, satisfied, and discharged any and all duties and obligations it may have owed to Mohan arising out of any and all agreements or representations made by Elevance Health or on its behalf prior to commencement of this lawsuit.

## EIGHTH DEFENSE
### ACCORD AND SATISFACTION

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction, because Mohan received the full monetary benefit to which she was entitled under the terms of the written agreements between Mohan and Elevance Health.

///

Frost Brown Todd LLP
SANTA ANA

### NINTH DEFENSE

### WAIVER/ESTOPPEL

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel, because Plaintiffs acquiesced in, consented to, or ratified the conduct of which it complains.

### TENTH DEFENSE

### ATTORNEYS' FEES

Plaintiffs' claims do not support the award of attorneys' fees incurred by Plaintiffs in the litigation of this action. If, however, it is found that attorneys' fees are awardable under the Complaint, and in the event Elevance Health prevails in this action, it should be awarded reasonable attorneys' fees.

### ELEVENTH DEFENSE

### UNCLEAN HANDS

Plaintiffs' claims, including their requests for injunctive and equitable relief, are barred by the doctrine of unclean hands.

### TWELFTH DEFENSE

### DAMAGES SUFFICIENT

To the extent Plaintiffs have suffered any harm, such harm is calculable, and pecuniary compensation would afford adequate relief. Plaintiffs cannot show the existence of irreparable harm or the absence of an adequate remedy at law.

### THIRTEENTH DEFENSE

### RESERVATION OF RIGHT TO AMEND

Elevance Health reserves the right to amend this Answer and assert additional affirmative defenses.

///
///
///

WHEREFORE, for these reasons, Elevance Health respectfully requests:

    A. That the Court dismiss the Complaint and all claims and counts thereof with prejudice;

    B. That the Court grant judgment in favor of Elevance Health for all claims brought by Plaintiffs against Elevance Health;

    C. That the Court deny the relief requested by Plaintiffs; and

    D. That the Court grant Elevance Health such further relief as the Court deems just and proper.

DATED:  October 23, 2023        FROST BROWN TODD LLP

By: /s/ Kevin A. Day
KEVIN A. DAY
JACOB M. CLARK
Attorneys for Defendant
ELEVANCE HEALTH, INC., AN
INDIANA CORPORATION

37

**ANSWER TO COMPLAINT**

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Molina Healthcare v. Elevance Health, Inc.*
USDC Case No. 2:23-cv-07417

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **Frost Brown Todd LLP, 1 MacArthur Place, Santa Ana, CA 92707**.

On October 23, 2023, I served the foregoing document described as **ANSWER TO COMPLAINT** on the interested parties in this action.

☐ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY ELECTRONIC SERVICE:**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed in the Service List.

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 23, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 23, 2023, at Santa Ana, California.

/s/ Veronica Delgado

Veronica Delgado

---

CERTIFICATE OF SERVICE

**SERVICE LIST**

*Molina Healthcare v. Elevance Health, Inc.*
USDC Case No. 2:23-cv-07417

| | |
|---|---|
| Quyen L. Ta | Tel: (213) 443-4355 |
| Jeanne A. Fugate | Fax: (213) 443-4310 |
| Lennette W. Lee | |
| Arwen R. Johnson | Tel: (415) 318-1200 |
| King & Spalding LLP | Fax: (415) 318-1300 |
| 633 West Fifth Street, Suite 1600 | |
| Los Angeles, CA 90071 | |

50 California Street, Suite 3300
San Francisco, CA 94111

E-mails:  qta@kslaw.com
jfugate@kslaw.com
llee@kslaw.com
arwen.johnson@kslaw.com

***Attorneys for Plaintiff,***
***Molina Healthcare, Inc. and Vinod***
***Mohan***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**